122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis FLORES; Rosa Linda Flores, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70820.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 27, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. Atb-dnz-yil, Aea-ifv-hbp.
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Jose and Rosa Linda Flores ("the Floreses"), who are natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the immigration judge's ("IJ") order denying their request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition.[1]
 
 
 5
 The Floreses contend that the BIA erred in its determination that they would not suffer extreme hardship if deported. They also contend that the BIA did not consider all relevant factors in concluding that they failed to establish extreme hardship. This contention lacks merit.[2]
 
 
 6
 The Floreses, who are a married couple with two United States citizen children, testified that they would suffer extreme hardship if deported because of their potential inability to find employment in Mexico, the possible loss of educational opportunity for their children, and the separation from their extended family in the United States.
 
 
 7
 The BIA did not abuse its discretion by concluding that the Floreses' concerns do not rise to the level of extreme hardship, but rather constitute the ordinary hardship attendant on deportation. See Ramirez-Durazo v. INS, 794 F.2d 491, 498-99 (9th Cir.1986). As they both are relatively young and have work skills and experience, they have not demonstrated a complete inability to obtain employment in their home country. See Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981). Also, as Jose Flores testified that his parents and sister live in Mexico, the separation from extended family in the United States will be counterbalanced by reunification with extended family in Mexico. See Ramirez-Durazo, 794 F.2d at 498. Further, reduced educational opportunities do not constitute extreme hardship for the citizen children. See id. at 499. Any hardship to the children, who were ages 2 and 6 at the time of the deportation hearing, may be alleviated by the fact that the family primarily speaks Spanish and that extended family in Mexico can ease the transition to Mexican life for them. See id. at 499. The BIA considered all the relevant factors and stated its reasons for its decision. See Tukhowinich v. INS, 64 F.3d 460, 462 (9th Cir.1995). Accordingly, the BIA did not abuse its discretion in concluding that the Floreses did not establish extreme hardship. See Ramirez-Durazo, 794 F.2d at 498-99.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 265, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 We reject the government's contention that the Floreses waived any challenge to the Board's decision. See Fed. R.App. P. 28(a)(6)